## Miller v. Welshans

*Floyd M. Kocher*, for plaintiff.

*P. H. Fierro*, for defendant.

GREEVY, J., September 7, 1956.—In this action in assumpsit plaintiff seeks to recover from defendant tenant: First, for rent alleged to be due and in arrears; second, for professional services rendered to defendant at defendant's request; third, for amount expended by plaintiff for replacing a broken window in the premises occupied by defendant.

The matter is now before us on preliminary objections filed by defendant, setting forth:

1. A misjoinder of causes of action under Pa. R. C. P. 1017(b) 5, and

2. Noncompliance with Pa. R. C. P. 1020(a).

The three claims joined in this action of assumpsit are the type claims which could themselves be enforced in separate assumpsit actions and there is no requirement under the rules that they be related in any way. The first objection is without merit.

It is required, however, that the complaint be subdivided so that the separate claims are separately set forth. This has not been done.

Rule 1020(a) provides that: ". . . each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief."

In actions of assumpsit plaintiff has an unlimited right to join all the claims he holds against defendant as long as they are all contractual or quasi contractual. However, when the joinder of several causes of action is permitted plaintiff must state them separately in his complaint.

In the complaint before us plaintiff has set forth all his causes of action in paragraph 3, whereas they should have been set forth in separate counts.

In accordance with the above, we make the following

### Order

And now, September 7, 1956, it is ordered and decreed that defendant's second preliminary objection be and it is hereby sustained. Plaintiff is granted the right to file an amended complaint within 20 days from the date of this order.